Mr. Ned Metcalf 2518-1 Riverfront Drive Little Rock, Arkansas 72202
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records at the Department of Arkansas Heritage to release your periodic quarterly performance evaluation reports is consistent with the provisions of the "Arkansas Freedom of Information Act" ("FOIA" or "act"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Cum Supp. 1993).
You state that a reporter with the Arkansas Democrat-Gazette has requested: 1) a letter of termination by Bev Lindsey, Department Director, terminating your employment; and 2) your "annual performance evaluations" for the past three years. You state that you have no problem with the release of the information listed above. You state, however, that you do not want anything else released, including periodic quarterly job evaluations, which you state have not been requested under the FOIA. You indicate that: "quarterly performance reports" are not a part of the annual performance evaluation process; the department does not have a policy concerning quarterly performance reports; the quarterly reports were given by the agency director as a means of conducting periodic reviews of immediate work loads only; the quarterly reports were not even completed every quarter during the past three years — only a handful exist, because there is no official requirement for them; and the quarterly reports were for planning purposes only and never meant as a means of discipline.
I should note as an initial matter that although you state that the quarterly performance evaluation reports were not requested under the FOIA, a request has been made by the Democrat-Gazette reporter for "all job performance reviews from the last three years for Ned Metcalf. . . ." Clearly, the "quarterly performance evaluation reports" are "job performance reviews" which have been requested by the reporter. The request was not limited to annual evaluations. The question thus becomes whether these reviews are subject to disclosure under the FOIA.
In my opinion the records at issue are "employee evaluation or job performance records" for purposes of the FOIA. Such records, including "preliminary notes and other materials" are open to public inspection under the FOIA only "upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1993). It is my understanding that your employment with the Department has been terminated, and that all administrative appeals are now final. Thus, if the quarterly performance evaluation reports, or some of them, "form[ed] a basis" for the decision to terminate, and there is a compelling public interest in their disclosure, these records are available to the public under the FOIA. The question of whether these quarterly reviews "form[ed] a basis" for the decision to terminate is a factual question which can only be answered by the Department. This office has found a compelling governmental interest in the release of records relating to the dismissal of a high-ranking public employee under similar circumstances. See Ops. Att'y Gen. 95-242 and 95-109. It is therefore my opinion that if the quarterly performance evaluation reports formed a basis for the decision to terminate you, they are subject to public disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh